THOMAS MASKELL *v.* HORNER, Receiver, &c.

The fact that a plaintiff in a judgment, is not shown by evidence to be authorized to stand in judgment, is not a ground for the action of nullity. The proper remedy is by appeal.

Where the first day of a term of court as fixed by law, is a holiday, the court should be opened on a succeeding day. The term does not lapse.

APPEAL from the District Court of St. Mary.
  *E. C. Brent*, for plaintiff and appellant. *R. N. McMillan*, for defendant.

SPOFFORD, J.   The plaintiff sued to annul a judgment obtained against him by the defendant, in the District Court of St. Mary, upon the following grounds:

1. That the record furnishes no evidence that *Charles W. Horner*, who sued as the receiver of the Mutual Benefit Life and Fire Insurance Company of Louisiana, was authorized to stand in judgment in behalf of said company.

2. That the petitioner was not legally cited in the former suit, there being no qualified Judge of the District Court of St. Mary, on the day when citation issued.

3. That the day fixed by law for the commencement of the term of court, at which the judgment sought to be annulled was rendered, was *dies non juridicus*, and therefore the term lapsed.

The District Judge dismissed the plaintiff's action of nullity, and he has appealed.

If there was any defect of evidence to sustain the judgment in the suit of *Horner, Receiver*, v. *Maskell*, the latter had his remedy by appeal.

There was personal service of a citation in due form upon the defendant, *Maskell*; there was judgment by default against him, after the expiration of the legal delay; the resignation of the Judge does not put a stop to all the ministerial proceedings of the subordinate officers of the court, or paralyze them in the exercise of the duties imposed upon them by law, until his successor os qualified.

The first day of the term being a holiday, court was properly opened on the second day, and all the proceedings in the suit complained of, appear to have taken place on judicial days.

There seems to be no equity in the plaintiff's case; and we think the appellee's prayer for damages, as for a frivolous appeal, should be granted.

It is therefore ordered, that the judgment appealed from be affirmed, with twenty-five dollars damages, and costs.